73261. HIGHTOWER v. MUSCOGEE COUNTY SCHOOL DISTRICT.

(350 SE2d 25)

BANKE, Chief Judge.

While in his final term as a senior at Columbus High School, the appellant violated certain provisions of the school district's behavior code by possessing and consuming alcoholic beverages at the school's junior-senior prom. Following a hearing before the Student Disciplinary Tribunal, which is composed of school officials, the appellant was sentenced for this offense to a period of probation requiring his attendance at an alternative school for the remainder of the school year, as well as his participation in a drug rehabilitation program. Although the appellant was still to be entitled to receive a diploma from Columbus High School upon successful completion of this probation, he and his parents were informed by school officials that in no event would he be allowed to participate in graduation ceremonies with the other members of his class.

The appellant and his parents appealed the latter aspect of the punishment to the Muscogee County Board of Education, which, following another evidentiary hearing, affirmed his ineligibility to participate in graduation. The appellant and his parents then appealed to the State Board of Education. In an order dated May 30, 1986, with graduation ceremonies set for 7:30 p.m. the following day, the State Board of Education reversed the decision of the local school board on the ground that if the identical probationary sentence had been imposed against a student not in the last term of his or her senior year, it would not have affected the student's eligibility to participate in graduation. The State Board reasoned that the school district's policies were defective in that they did not inform a student in the last term of his or her senior year that the penalty for consuming alcohol included such punishment.

At 12 o'clock noon on graduation day, the school district obtained an oral order from the Superior Court of Muscogee County reversing the decision of the State Board of Education. Later that day, this court, acting by and through the Chief Judge, issued an emergency stay of the superior court's order, and we subsequently

granted the appellant's application for a discretionary appeal. Notwithstanding the issuance of the emergency stay, however, the appellant was barred by school officials from participating in the graduation ceremony held that evening.

The case has now been docketed in this court and is before us on a motion by the appellee school district to dismiss the appeal on the ground that the issue of the appellant's eligibility to participate with his class in the graduation ceremony is now moot. Notwithstanding the appellee's disregard for the emergency stay issued by this court, we must agree. Consequently, the appeal is hereby dismissed as moot.

*Appeal dismissed. Birdsong, P. J., concurs. Sognier, J., concurs specially.*

SOGNIER, Judge, concurring specially.

I concur specially for the purpose of stating that I would not concur in the dismissal of this cause were not a separate cause pending in this court which will determine the cause and responsibility for the disregard of this court's order.

DECIDED OCTOBER 8, 1986 —
REHEARING DENIED OCTOBER 22, 1986.

*J. Steven Dugan*, for appellant.
*James E. Humes II, Albert W. Stubbs*, for appellee.